## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DIVISION

CINCH ENERGY SERVICES, LLC,　§
*Appellant*　§
　§　Case No.  5:24-CV-01378-XR
v.　§
　§　Bankruptcy Case No. 23-51742-cag
MICHAEL R. MENDIETTA; MARY　§　Chapter 7
KAY MCGUFFIN; JUSTIN SPRENCEL,　§
*Appellees*　§

## ORDER

On this date, the Court considered Appellant Cinch Energy Services, LLC's Motion to Dismiss and Remand to Bankruptcy Court (ECF No. 19).  After careful consideration, the Motion is **GRANTED.**

## BACKGROUND

In December 2023, Cinch Wireline Services, LLC ("CWS") filed a chapter 7 bankruptcy petition.  ECF No. 19-1 at 3.[1]  Tim Pollard signed the petition as Executive Vice President.  *Id.* John Patrick Lowe was appointed as the chapter 7 trustee ("Trustee").  *Id.*

On April 8, 2024, Trustee initiated Adversary No. 24-5011 ("Adversary 5011") by filing suit against several defendants, including Cinch Energy Services, LLC ("CES").  *Id.* at 13. Adversary 5011's substance is not relevant to this Order.

CES then initiated Adversary No. 24-5012 ("Adversary 5012") by filing a declaratory judgment action.  *Id.* at 13–14.  There, CES asked the bankruptcy court to find that: (1) CES and Mary Kay McGuffin were CWS's only members, (2) Michael Mendietta and Justin Sprencel were

---

[1] Page numbers cited in this order reflect those generated by CM/ECF, which do not always align with page numbers in the underlying documents.

not members; and (3) CES was the only party with standing to file CWS's chapter 7 petition. *Id.* at 14.

Mendietta and Sprencel filed motions for summary judgment in Adversary 5012, arguing that CES—based on its failure to respond to certain requests for admission—was deemed to have admitted that Mendietta, Sprencel, and McGuffin were CWS's sole members. *Id.* at 9. The bankruptcy court granted the motions for summary judgment. *Id.* CES appealed the granting of those motions and the denial of certain related motions to this Court. That appeal is docketed as case number 5:24-cv-1170-XR.

After a trial on McGuffin's membership, ECF No. 19-1 at 10, the bankruptcy court issued a final judgment in Adversary 5012 that: McGuffin is a 30 percent member of CWS, Sprencel is a 45 percent member, Mendietta is a 20 percent member, and CES is not a member. *Id.* at 15. That final judgment forms the basis of this appeal. ECF No. 1.

The bankruptcy court later determined that Pollard lacked authority to file the underlying bankruptcy case when he purported to do so. *See* ECF No. 19-1. The court thus held that it lacked jurisdiction over the bankruptcy case. *Id.* at 42.

The bankruptcy court also held that because the bankruptcy case was void *ab initio* for lack of subject matter jurisdiction, "there is no nexus between the Bankruptcy Case and related proceedings." *Id.* at 41. As a result, there could be no "'arising under' or 'related to' jurisdiction over related proceedings," and "[a]ll related proceedings must . . . be dismissed." *Id.* The bankruptcy court thus dismissed both the underlying bankruptcy case and Adversary 5011. *Id.* at 42.

CES filed a motion under Federal Rule of Civil Procedure 60(b)(4) to vacate the final judgment and all related orders in Adversary 5012, arguing that they were void for lack of subject

matter jurisdiction.  ECF No. 19-2.  The motion argued that the bankruptcy court's dismissal of the underlying bankruptcy case and Adversary 5011 extended to Adversary 5012.  *Id.*; *see* ECF No. 19-1 at 41 ("All related proceedings must therefore be dismissed.").

When "a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal" is pending, "the bankruptcy court may: (1) defer considering the motion; (2) deny the motion; (3) state that it would grant the motion if the court where the appeal is pending remands for that purpose; or (4) state that the motion raises a substantial issue." FED. R. BANKR. P. 8008(a).  Here, the bankruptcy court issued an indicative ruling stating that it would grant the Rule 60(b)(4) motion if this Court were to remand for that purpose.  ECF No. 19-4.

CES then filed the instant motion, asking this Court to remand to the bankruptcy court and to dismiss the appeal as moot.  ECF No. 19.  Appellees filed a response, and CES filed a reply. ECF Nos. 20–21.

## DISCUSSION

Where, as here, the bankruptcy court states that it would grant a motion if the district court remanded for that purpose, the district court "may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." FED. R. BANKR. P. 8008(c).  An advisory committee note to Federal Rule of Bankruptcy Procedure 8008 suggests that a district court should terminate an appeal in this context "only when the appellant has stated clearly its intention to abandon the appeal." FED. R. BANKR. P. 8008 advisory committee's note to 2014 amendment. "Otherwise, the district court . . . may remand for the purpose of ruling on the motion, while retaining jurisdiction to proceed with the appeal after the bankruptcy court rules, provided that the appeal is not then moot and a party wishes to proceed." *Id.*  Further, as a general matter, a

bankruptcy "appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court."  FED. R. BANKR. P. 8023(b).

The Court will remand this case based on the bankruptcy court's indicative ruling, pursuant to Federal Rule of Bankruptcy Procedure 8008(c).  The remand will render this appeal moot, since the bankruptcy court has indicated that it will vacate the judgment being appealed here.  ECF Nos. 19-2, 19-4.  Further, CES, who is the appellant, moved for dismissal and has made clear that it does not intend to pursue this appeal after the bankruptcy court vacates the underlying orders and judgment.  *See* ECF No. 19.  In fact, it could not pursue this appeal at that time because, again, the appeal will be rendered moot by the bankruptcy court granting CES's Rule 60(b)(4) motion.

Dismissal of this appeal is thus proper under both Federal Rule of Bankruptcy Procedure 8008(c) and 8023(b).

## CONCLUSION

It is therefore **ORDERED** that the Motion to Remand and Dismiss (ECF No. 19) is **GRANTED.**  This case is **REMANDED** to the bankruptcy court, and this appeal is **DISMISSED WITHOUT PREJUDICE.**

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 6th day of January, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE